PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States Courts
Southern District of Texas
FILED
JUL 2 3 2001
Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE Southern DISTRICT OF TEXAS
Brownsville Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Ricardo Ybarra
PETITIONER
(Full name of Petitioner)

Lopez state Jail
CURRENT PLACE OF CONFINEMENT

911900 B-01-132
PRISONER ID NUMBER

vs.

Gary Johnson - TDCJ Director
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

H-01-2477
CASE NUMBER
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

---

## PETITION

**What are you challenging?** (Check only one)

- ☑ A judgment of conviction or sentence, probation or deferred-adjudication probation (Answer Questions 1-4, 5-12 & 20-23)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14, & 20-23)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack: 357th Judicial District Court of Cameron County, Texas

2. Date of judgment of conviction: February 9, 2000.

3. Length of sentence: 10 yrs

4. Nature of offense and docket number (if known): Robbery - 99-CR-1058-E

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)

   ☐ Not Guilty ☑ Guilty ☐ Nolo contendere

6. Kind of trial: (Check one) ☐ Jury ☑ Judge Only

CONTINUED ON NEXT PAGE

ClibPDF - www.fastio.com

7. Did you testify at the trial? ☐ Yes ☑ No

8. Did you appeal the judgment of conviction? ☐ Yes ☑ No

9. If you did appeal, in what appellate court did you file your direct appeal?

_______________ Cause Number (if known) _______________

What was the result of your direct appeal (affirmed, modified or reversed): _______________

What was the date of that decision? _______________

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _______________

Date of result: _______________ Cause Number (if known): _______________

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _______________

Date of result: _______________

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☑ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

Name of court: 357th Judicial District of Cameron County, Texas

Nature of proceeding: Writ of Habeas Corpus 11.07

Cause number (if known): 99-CR-1058-E

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court. November 28, 2000

Grounds raised: Ineffective counseling for: failing to pursue a competency hearing; failing to pursue a pretrial suppression hearings; guilty plea cannot represent an informed and concious choice

CONTINUED ON NEXT PAGE

Date of final decision: April 4, 2001

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any ***second*** petition, application or motion, give the same information:

Name of court: 357 th District Court of Cameron County, Texas

Nature of proceeding: Amendment to writ of Habeas Corpus 11.07

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court. February 15, 2001

Grounds raised: Counsel was ineffective for failing to pursue pretrial competency hearing; failure to present a necessity defense; guilty plea cannot represent an informed choice and cannot be considered knowing and voluntary.

Date of final decision: April 4, 2001

Name of court that issued the final decision: Texas Court of Criminal Appeals

***If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.***

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐ Yes ☑ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

(b) Give the date and length of the sentence to be served in the future:

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐ Yes ☐ No

ClibPDF - www.fastio.com

**Parole Revocation:**

13. Date and location of your parole revocation: ______________________

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

☐ Yes ☐ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for mandatory supervised release? ☐ Yes ☐ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

______________________________________________

Disciplinary case number: ______________________

18. Date you were found guilty of the disciplinary violation: ______________

Did you lose previously earned good-time credits? ☐ Yes ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: __________

______________________________________________

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐ Yes ☐ No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: ______________________________________

______________________________________

Date of Result: ______________________________

Step 2 Result: ______________________________________

______________________________________

CONTINUED ON NEXT PAGE

ClibPDF - www.fastio.com

Date of Result: ______________________________

**All applicants must answer the remaining questions:**

20. State clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION:
Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a) Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the use of a coerced confession.

(c) Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d) Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g) Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of the right to appeal.

(k) Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

ClibPDF - www.fastio.com

A. **GROUND ONE:** Counsel was ineffective for failure to pursue pretrial competency hearing upon request. U.S.C.A. 6, 5, 14

**Supporting FACTS (tell your story briefly without citing cases or law):**

Upon the commission of the alleged offense, Applicant was an out patient of Tropical Texas, a mental institution, and under the influence of various psychological medications. Applicant was not legally competent upon the alledged commission of said offense, nor was he legally competent to stand trial and to assist in his own defense. His guilty plea cannot be considered knowing and voluntary. (Continue on attachment)

B. **GROUND TWO:** Counsel was ineffective for failing to present a necessity defense. U.S.C.A. 6, 5, 14.

**Supporting FACTS (tell your story briefly without citing cases or law):**

Mr. Cedars, a private citizen, hired by Albertsons as a loss prevention officer, pursued after Applicant, without witnessing any felony or any offense against the public peace, and unlawfully entered and searched Applicants' vehicle and futher attempted to detain Applicant for the purpose of an unlawful investigative detention or arrest. Applicant acting in a necessity to free his person and property from imminent harm used necessary force.

C. **GROUND THREE:** Counsel was ineffective for failing to pursue pretrial suppression hearings for evidence secured from an unlawful detention, unlawful search of Applicant's vehicle. U.S.C.A. 6, 5, 14.

**Supporting FACTS (tell your story briefly without citing cases or law):**

Without witnessing any felony or any offense against the public peace, the loss prevention officer pursued after Applicant and entered his vehicle, without his permission and against his will, for the purpose of an unlawful search and unlawful investigative detention. Applicant requested for Mr. Cedars to exit his vehicle, however, Mr. Cedars (Continue on attachment)

CONTINUED ON NEXT PAGE

ClibPDF - www.fastio.com

(A) FACTS CONTINUED: Counsel met with Applicant over (10) times [illegible] to give Applicant [illegible] and [illegible] of his Counsel['s] [illegible] Applicant was not [illegible] to [illegible] the [illegible] the [illegible] and nature of the [illegible].

Counsel [illegible] guilty [illegible] the [illegible] Counsel [illegible] Counsel [illegible] for [illegible] five [illegible] years [illegible] Counsel [illegible] trial [illegible] agreement of a [illegible] years [illegible] trial and [illegible] to go [illegible].

Wherefore, Counsel [illegible] although [illegible] Applicant [illegible] in favor of [illegible] years [illegible].

Counsel [illegible] of [illegible] Second [illegible] in [illegible].

(C) FACTS CONTINUED: would not yield to Applicant['s] demand. Applicant [illegible] his personal [illegible] for [illegible] to [illegible]

Wherefore, [illegible] Applicant [illegible] the [illegible] from his [illegible]

D. **GROUND FOUR:** Applicants guilty plea cannot represent an informed choice and cannot be considered knowing and voluntary. U.S.C.A. 6, 5, 14.

Supporting FACTS (tell your story briefly without citing cases or law):

Counsel failed to provide Applicant with an "understanding of the law in relation to the facts." Counsel did not determine if Applicant was acting as a necessity, when the assault occurred; Counsel failed to determine if Mr. Cedas had probable cause to detain, arrest, and search Applicants vehicle, Counsel who is unfamiliar with the law in relation to the facts of case cannot fully advise Applicant of the laws and facts and guilty plea cannot be an informed choice.

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐ Yes ☑ No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐ Yes ☑ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

CONTINUED ON NEXT PAGE

ClibPDF - www.fastio.com

23. **Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?**

☐ Yes ☑ No

**If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.**

________________________________________

________________________________________

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

____________________________
Signature of Attorney (if any)

____________________________

____________________________

____________________________

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on** July 17, 2001 **(month, date, year).**

**Executed on** June 20, 2001 **(date).**

Ricardo Ybarra
Signature of Petitioner (required)

**Petitioner's current address:** 1203 EL Cibolo Rd, Edinburg, Texas 78539

________________________________________

________________________________________

ClibPDF - www.fastio.com

# ARGUMENT AND AUTHORITIES

(A) GROUND ONE: Counsel was ineffective [illegible] for failing to [illegible] Pal[illegible] [illegible] [illegible] [illegible]

Applicant was [illegible] [illegible] to [illegible] [illegible] to a [illegible] [illegible] d[illegible] [illegible]. A[illegible] [illegible] from P[illegible] [illegible] [illegible] [illegible] T[illegible] [illegible] [illegible] m[illegible] [illegible], an[illegible] [illegible] ~~[illegible]~~ various P[illegible] [illegible] m[illegible] [illegible].

A preliminary hearing [illegible] [illegible] [illegible] [illegible] ancillary to main [illegible] [illegible] [illegible] V[illegible] [illegible] [illegible] Act[illegible] 44[illegible] [illegible] V[illegible] [illegible] [illegible] C[illegible] [illegible] 35, Jackson v. State, 548 S.W.2d 685

An accused [illegible] [illegible] [illegible] to [illegible] [illegible] [illegible] [illegible] of incompetency [illegible] [illegible] [illegible] [illegible] [illegible] to C[illegible] [illegible] [illegible] [illegible] [illegible] V[illegible] [illegible] C.C.P. [illegible] 46[illegible] R[illegible] v. State [illegible] [illegible] granted reversed [illegible] [illegible] [illegible] 70.

Counsel was ineffective for failing to [illegible] [illegible] standard [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] not [illegible] [illegible] [illegible] [illegible] [illegible] C[illegible] [illegible] [illegible] [illegible] a [illegible] a [illegible] [illegible] [illegible] [illegible] V[illegible] [illegible] [illegible] [illegible] 546 F.2d 111 [illegible] [illegible] [illegible] [illegible] U.S. 9[illegible], 53 L.Ed.2d 1061, [illegible] [illegible] [illegible] Fed. [illegible].

ClibPDF - www.fastio.com

(B) ERRING THE: C[illegible] [illegible] [illegible] [illegible] [illegible]
a necess[illegible] [illegible]

Mr C[illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] Appl[illegible] [illegible]
[illegible] com[illegible] [illegible] [illegible] [illegible]
P[illegible] [illegible] [illegible] [illegible] [illegible]
p[illegible] [illegible] [illegible] [illegible] [illegible]
C[illegible] f[illegible] [illegible] [illegible] [illegible] [illegible]
to Tex Cod[illegible] [illegible] [illegible] [illegible] [illegible]
(CF App 1979) S.[illegible] [illegible]. F[illegible] [illegible] [illegible]
of T.C.C.P. [illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] [illegible] W[illegible] [illegible]
(1979[illegible] [illegible] [illegible] [illegible] [illegible]
957 S.[illegible] [illegible] (1997). M[illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] C[illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] [illegible] [illegible]

C[illegible] [illegible] [illegible] [illegible]
(1) [illegible] [illegible] [illegible] [illegible] It
include [illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] [illegible] [illegible]
P[illegible] [illegible] [illegible] [illegible] [illegible]
[illegible] [illegible] It [illegible] [illegible] [illegible]
[illegible] [illegible] [illegible] [illegible] [illegible]

[illegible]

ClibPDF - www.fastio.com

[illegible]

Moreover [illegible]

9:41(-) [illegible]

[illegible]

(C) GROUND THREE [illegible]

[illegible]

[illegible]

ClibPDF - www.fastio.com

Brown v. Illinois, [illegible] U.S. 590 [illegible] ([illegible]).
M[illegible] [illegible]
a [illegible] [illegible]
[illegible], [illegible]
a [illegible] against the [illegible] [illegible]
A[illegible] [illegible]

(D) Erring For: A[illegible] [illegible]
in [illegible]
v[illegible]

I [illegible]
v[illegible] and R[illegible] [illegible]
[illegible]
pl[illegible] I [illegible]
A[illegible]
In[illegible]
[illegible]
[illegible]
And [illegible]
[illegible]
Wh[illegible]
[illegible]
[illegible]
F[illegible] C[illegible]
[illegible]
[illegible] C[illegible] D[illegible]
[illegible]
[illegible]

ClibPDF - www.fastio.com

ClibPDF - www.fastio.com

WITNESS STATEMENTS

ClibPDF - www.fastio.com

Case Number: 19993016730

JESSE G. PINALES 4394 Supervisor 164
Officer Emp. # Emp. #

ON THIS DAY, 05231999, REPORTING OFFICER WAS DISPATCHED TO 3351 BOCA CHICA BLVD (ALBERTSONS) IN REFERENCE TO A CALL INVOLVING A THEFT OF MERCHANDISE. UPON ARRIVAL, THIS OFFICER MADE CONTACT WITH THE COMPLAINANT WHOM IDENTIFIED HIMSELF AS DANIEL CEDARS 07301953 (LOSS PREVENTION OFFICER). MR CEDARS STATED THAT ON THIS DAY, WHILE DOING SURVEILLANCE FOR THE ALBERTSONS STORE (WATCHING SURVEILLANCE CAMERAS), HE OBSERVED THAT A HISPANIC MALE SUBJECT WHOM WAS WEARING A GRAY SHIRT OVER BLACK PANTS ENTERED THE STORE. MR CEDARS STATED THAT THE SAID SUBJECT (ABOUT 25 YRS OF AGE, 5'10" IN HEIGHT, AND ABOUT 200 LBS IN WEIGHT) WALKED INSIDE THE STORE AND HE PROCEEDED TO GRAB SEVERAL ASST. STAR WARS CANDIES FROM ONE OF THE DISPLAYS.

MR. CEDARS STATED THAT AS THE SAID SUBJECT CARRIED THE CANDIES IN HIS HANDS, IT CAUGHT HIS ATTENTION BECAUSE THE SUBJECT WAS ACTING EXTREMELY SUSPICIOUS. MR. CEDARS STATED THAT, AT THE TIME, THE UNKNOWN SUBJECT WAS WEARING NO SHOES AND THAT HE WAS ALSO LOOKING IN ALL DIRECTIONS AS IF HE WAS UP TO SOMETHING. MR. CEDARS STATED THAT IT WAS THEN THAT THE SAID SUBJECT WENT BEHIND ONE OF THE DISPLAYS WHERE HE CONCEALED THE SAID CANDIES IN HIS CLOTHING BECAUSE WHEN HE CAME OUT, HE NO LONGER HAD THE CANDIES ON HIS HANDS. MR. CEDARS STATED THAT THE SAID SUBJECT THEN WALKED TOWARDS THE FRONT OF THE STORE, WHERE HE EXITED AND NEVER MADE AN ATTEMPT TO PAY FOR THE SAID MERCHANDISE, AND THEN APPROACHED A WHITE VEHICLE WHICH WAS PARKED BY THE MAIN ENTRANCE.

MR CEDARS STATED THAT THE SUBJECT THEN OPEN THE PASSENGER DOOR TO THE SAID VEHICLE (A WHITE 1990 DODGE CARAVAN BEARING TX LPS C79JNK) AND HE PROCEEDED TO CONCEAL THE MERCHANDISE (STAR WARS SPIN POP CANDIES) INSIDE A COMPARTMENT LOCATED UNDER THE FRONT PASSENGER SEAT.

MR. CEDARS STATED THAT AFTER OBSERVING THIS ON THE SURVEILLANCE CAMERA, THAT HE EXITED THE STORE AND PROCEEDED TO IDENTIFY HIMSELF TO THE SAID SUBJECT AS THE LOSS PREVENTION OFFICER FOR THE ALBERTSONS STORE. MR. CEDARS STATED THAT HE PROCEEDED TO ASK THE SAID SUBJECT FOR THE CANDY (MERCHANDISE) HE HAD STOLEN FROM INSIDE THE STORE. MR. CEDARS STATED THAT THE SAID SUBJECT RESPONDED BY SAYING, "I DO NOT KNOW WHAT YOU ARE TALKING ABOUT, I HAVE NOT STOLEN ANYTHING." MR. CEDARS STATED THAT SINCE THE PASSENGER DOOR TO THE SUSPECT VEHICLE WAS OPEN THAT HE PROCEEDED TO Reach UNDER THE FRONT PASSENGER SEAT TO ATTEMPT TO RECOVER THE STOLEN MERCHANDISE.

MR. CEDAR STATED THAT IT WAS THEN THAT THE UNKNOWN SUBJECT PROCEEDED TO ENTER THE VEHICLE, THROUGH THE PASSENGER FRONT DOOR, WHERE HE MADE HIS WAY INTO THE DRIVER SIDE SEAT. MR. CEDAR STATED THAT THE SAID SUBJECT THEN PROCEEDED TO TURN ON THE VEHICLE, AT WHICH POINT, HE ATTEMPTED TO GRABBED THE KEYS WHICH WERE IN THE IGNITION. MR. CEDARS STATED THAT THE SUBJECT PLACED THE VEHICLE IN DRIVE AND AT THE SAME TIME HE (SUSPECT) BEGAN TO HIT HIM ON HIS HANDS AS HE (CEDARS) WAS TILL REACHING FOR THE KEYS. MR. CEDARS STATED THAT THE SAID SUBJECT THEN PROCEEDED TO KICK HIM SEVERAL TIMES, AS HE LAID ACROSS THE PASSENGER SEAT ATTEMPTING TO STOP THE SUBJECT FROM TAKING THE MERCHANDISE.

ClibPDF - www.fastio.com

MR. CEDARS STATED THAT AT THE TIME OF THE INCIDENT, HE COULD HEAR AND FEEL THAT THE VEHICLE WAS IN MOTION AND THAT ANOTHER SUBJECT (UNKNOWN) WAS SCREAMING, AT THE DRIVER (SUSPECT), "DON'T DO IT". MR. CEDAR STATED THAT THE SAID SUBJECT THEN PROCEEDED TO CONTINUE DRIVING (IN MOTION) WHERE HE EXITED THE ALBERTSONS PARKING LOT AND ENTERED BOCA CHICA BLVD WHERE HE PROCEEDED TO TRAVEL WEST BOUND. MR. CEDAR STATED, THAT AFTER SEEING THAT HE COULD NOT STOP THE UNKNOWN SUSPECT, THAT HE TOLD HIM, "JUST DROP ME OFF, LET ME GET OF THE VEHICLE". MR. CEDARS STATED THAT AT THE TIME OF THE INCIDENT THAT HE FEARED FOR HIS LIFE, AND THAT HE WAS PLACED IN FEAR OF IMMINENT BODILY INJURY AND THAT ALL HE WANTED WAS TO GET OFF THE VEHICLE. MR. CEDAR STATED THAT IT WAS THEN THAT THE UNKNOWN SUBJECT PROCEEDED TO ENTER THE PARKING LOT OF THE NORWEST BANK (3310 BOCA CHICA) WHERE HE GAVE HIM AN OPPORTUNITY TO EXIT THE VEHICLE (VAN). MR. CEDARS STATED THAT IT WAS THEN THAT HE EXITED THE VEHICLE WHERE HE RETURNED TO THE STORE TO FILE THE COMPLAINT.

MR CEDAR STATED THAT DUE TO THE THEFT, HE HAD RECEIVED A CONTUSION TO HIS LEFT HAND AND TO THE LEFT PART OF HIS FACE (CHIN AREA). WHILE INTERVIEWING MR. CEDARS, THIS OFFICER THEN PROCEEDED TO OBSERVED THAT MR. CEDARS DID, IN FACT, HAVE THE SAID CONTUSIONS. MR. CEDAR ALSO STATED THAT HE HAD NEVER GIVEN THE SAID SUBJECTS PERMISSION TO TAKE THE SAID MERCHANDISE AND THAT HE WISHED TO FILE CRIMINAL CHARGES AGAINST THE UNKNOWN PERPETRATORS FOR COMMITTING THE SAID OFFENSE.

AT THE LOCATION, THIS OFFICER ALSO MADE CONTACT WITH A MR. ROBERT TORRES (08181979) WHOM PROCEEDED TO ADVISE THIS OFFICER THAT HE HAD WITNESSED THE THEFT. MR. TORRES STATED THAT WHEN THE INCIDENT WAS TAKING PLACE, THAT HE EXITED THE STORE TO ASSIST MR. CEDARS AND THAT IT WAS THEN THAT HE NOTICED THAT MR. CEDARS WAS ATTEMPTING TO DETAIN THE UNKNOWN SUBJECT. MR. TORRES STATED THAT HE WAS TOLD BY MR. CEDARS TO WRITE THE LICENSE PLATES TO THE SUSPECT VEHICLE, AND THAT IT WAS THEN THAT THE SUSPECT VEHICLE LEFT THE LOCATION TAKING WITH THEM MR. CEDARS.

THIS OFFICER THEN PROCEEDED TO MAKE CONTACT WITH SGT. M. ELBERT #2793 AND ADVISED HIM OF THE SAID INCIDENT. AS PER SGT M. ELBERT #2793 THIS OFFICER WAS ADVISED TO FILE THE OFFENSE REPORT OVER THIS MATTER AND TO REFER THE CASE TO CID FOR FURTHER ACTION. NO OTHER INFORMATION PROVIDED.

NOTE: AT THE LOCATION (ALBERTSONS) THIS OFFICER WAS ABLE TO PHOTOGRAPH THE INJURIES TO THE SAID VICTIM, AND ATTACHED THEM TO THIS REPORT FOR DOCUMENTATION PURPOSES.

4344

ClibPDF - www.fastio.com

[illegible]

COUNTY [illegible]

BEFORE ME, THE UNDERSIGNED [illegible] IN AND FOR THE [illegible] STATE, [illegible] THE 13T__ DAY OF JULY, ___, A.D. [illegible] PERSONALLY APPEARED ROBERTO TORRES ____________________, WHO AFTER BEING DULY SWORN, DEPOSES AND SAYS: MY NAME IS ROBERTO TORRES AND MY DATE OF BIRTH IS 09-18-79. MY ADDRESS IS 5835 SIMON PLACE BROWNSVILLE, TEXAS. MY PHONE NUMBER 542-5438.

THIS AFTERNOON I WAS CONTACTED BY DETECTIVE [illegible] [illegible] THE INCIDENT [illegible] [illegible] [illegible] [illegible] [illegible]

I WAS WORKING [illegible] WHEN I SAW THE STORE SECURITY WALKING TO A VAN PARKED [illegible] OF THE STORE BY THE FIRE LANE. I STOPPED TO WHAT THE SECURITY WAS DOING AND I OVERHEAD HIM TELLING A GUY WHO WAS [illegible] ON THE PASSENGER [illegible] THAT HE (MR. CEDARS) WAS A SECURITY FOR THE STORE. I THEN [illegible] TELL THE OCCUPANT OF THE VAN THAT HE NEEDED TO TALK TO HIM ABOUT SOME STAR WAR ITEMS HE HAD TAKEN FROM THE STORE. THE GUY WHO WAS BUILT WITH TATTOOS AND HAVING NO HAIR WITH A MUSTACHE WOULD TELL MR. CEDARS HE WAS [illegible] HE HAD NOT TAKEN NOTHING FROM THE [illegible] CEDARS INSISTED THAT HE [illegible] TO TALK TO HIM BUT THE GUY [illegible] MR. CEDARS THEN OPENED THE PASSENGER DOOR AND THE DRIVER [illegible] TO THE DRIVER'S SIDE SEAT. MR. CEDARS HAD LEANED ALMOST ALL HIS BODY INSIDE THE VAN AS HE CONTINUED [illegible] THE GUY [illegible] HIM ABOUT THE ITEMS HE HAD TAKEN FROM THE STORE. THE GUY TOLD MR. CEDARS TO GET OFF THE VAN BUT MR. CEDARS TOLD HIM HE WOULD NOT UNTIL [illegible] ALSO. THE GUY SAID FINE AND THE NEXT THING I KNEW [illegible] [illegible] INSIDE THE VAN. AS THEY WERE DRIVING OFF I COULD SEE THROUGH THE VAN'S REAR WINDOW MR. CEDAR TRYING TO TURN OFF THE VEHICLE. I WAS RUNNING AFTER THE VAN TRYING TO SEE WHERE MR. CEDARS WAS BEING TAKEN TOOK. I SAW THE GUY SWINGING HIS ARMS AT MR. CEDARS AS IF HE WAS TRYING TO HIT HIM. MR. CEDARS WOULD RAISED HIS HAND LIKE TO DEFEND HIMSELF AND HE ALSO TRYING TO GET THE VEHICLE KEYS. I HAVE TOLD DETECTIVE CARREJO AS THE VAN WAS DRIVING OFF AT A HIGH SPEED INSIDE THE PARKING THE DRIVER ALSO RAN OVER AN OLDER LADY WHO WAS PUSHING A SHOPPING CART. I CONTINUED TO CHASE AFTER THE VAN AND IT MADE AN ABRUPT STOPPED BEFORE EXITING THE PARKING ON THE BOCA CHICA [illegible]. I RAN UP TO THE DRIVER SIDE OF THE VAN TAKING A GOOD LOOK AT THE SUBJECT. I THEN HEARD MR. CEDARS TELLING THE DRIVER TO LET HIM OFF THE VAN BUT THE GUY KEPT THE VAN MOVING AND HE WAS TELLING MR. CEDARS " I AM NOT GOING TO LET YOU DOWN MOTHER FUCKER. [illegible] WHO WAS IN THE REAR PASSENGER SEAT WAS ALSO TELLING THE DRIVER TO LET MR. CEDARS DOWN. MR. CEDARS INSISTED THAT HE STOP THE VAN TO GET OFF BUT INSTEAD THE DRIVER SPED OFF CROSSING BOCA CHICA BLVD. TOWARDS THE COASTAL BANK. I CHASED AFTER THE VAN CROSSING THE BOCA CHICA BLVD. ALSO. THE VAN STOPPED AS I CAUGHT UP TO IT RUNNING TOWARDS THE PASSENGER SIDE, MR. CEDARS. MR. CEDARS OPENED THE DOOR AND IT LOOKED LIKE HE HAD BEEN PUSHED OFF THE VAN BECAUSE HE ALMOST FELL AS HE WAS GETTING OFF. I GRABBED BY THE ARM AND HELP HIM GET UP. I ASKED HIM IF HE WAS O.K. AND HE SAID HE WAS. MR. CEDARS TOLD ME TO WRITE DOWN THE VAN'S PLATES WHICH I LATER GAVE TO THE POLICE WHO TOOK THE REPORT

ClibPDF - www.fastio.com

[illegible] IDENTIFIED [illegible] WHO WAS [illegible] CEDAR [illegible] INSIDE THE VAN [illegible] I REMEMBER I HAVE [illegible] STATEMENT AND [illegible] TO BE TRUE AND CORRECT.

Roberto Carlos Torres
VICTIM OR WITNESS SIGNATURE

SWORN AND SUBSCRIBED [illegible] BEFORE ME, THE UNDERSIGNED AUTHORITY IN AND FOR SAID COUNTY AND STATE, ON [illegible] THE 15th DAY OF July, A.D., 19 99

Rene I. Carrejo
NOTARY PUBLIC IN AND FOR [illegible] COUNTY, STATE OF TEXAS.

RENE I. CARREJO
Notary Public
State of Texas
My Comm. Exp. 01-02-00

ClibPDF - www.fastio.com

[illegible] DETECTIVE [illegible] POLICE OFFICER [illegible] JULY [illegible] 99 [illegible] RY [illegible] THAT I HAVE THE RIGHT TO REMAIN SILENT AND NOT MAKE ANY STATEMENT(S) AT ALL AND THAT ANY STATEMENT(S) THAT I MAKE MAY BE USED AGAINST ME AT MY TRIAL OR TRIALS. RY [illegible] THAT ANY STATEMENT(S) I MAKE MAY BE USED AS EVIDENCE AGAINST ME IN COURT. RY [illegible] THAT I HAVE A RIGHT TO HAVE AN ATTORNEY PRESENT TO ADVISE ME PRIOR TO AND DURING ANY QUESTIONING. RY [illegible] THAT IF I AM UNABLE TO EMPLOY AN ATTORNEY, I HAVE THE RIGHT TO HAVE AN ATTORNEY APPOINTED TO ADVISE ME PRIOR TO AND DURING ANY QUESTIONING. RY [illegible] TERMINATE [illegible] RY

MY NAME IS [illegible] AND MY DATE OF BIRTH IS [illegible]. MY ADDRESS IS [illegible] SANTA LUCIA [illegible] BROWNSVILLE, TEXAS, MY PHONE NUMBER IS 54[illegible]-[illegible]

THIS AFTERNOON, 07-09-99, I WAS CONTACTED BY DETECTIVE [illegible] CARREJO AT THE BROWNSVILLE [illegible] ALBERTSON'S STORE LOCATED BY FOUR CORNERS, ON 06-23-99, I WAS DRIVING MY WIFE'S 1990 PLYMOUTH VOYAGER WHITE VAN WITH MY [illegible] YEAR OLD SON MICHAEL AND MY NEPHEW STEVE NELSON WHO LIVES [illegible] WHEN I DECIDED TO GO INTO ALBERTSON'S AND TAKE TWO [illegible] FOR MY SON [illegible] STORE [illegible] TO THE [illegible] THE STORE WITHOUT HARMING ANYONE, I TOOK [illegible] WITH ME AND WE WALKED [illegible] THE CANDY DEPARTMENT WHERE I TOOK [illegible] IN THE WAISTBAND OF MY SHORT AND STARTED TO WALK OUT. WE WALKED OUTSIDE THE STORE TOWARDS THE PASSENGER SIDE OF THE VAN, I OPENED THE VAN'S SIDE DOOR AND PROCEEDED TO GIVE HIM MICHAEL ONE OF THE CANDIES. THE OTHER(S) I PLACED IN THE PASSENGER SEAT GLOVE BOX. I THEN SAT ON THE PASSENGER SEAT WHEN I SAW THE SECURITY GUARD WALKING TOWARDS THE VAN. I THEN PROCEEDED TO CLOSE THE DOOR AS THE SECURITY SHOWED ME A BADGE AND OPEN THE PASSENGER DOOR. I SCOOTED MYSELF TO THE DRIVER'S SIDE, TURNED ON THE VAN AND PUT THE GEAR IN DRIVE. THE SECURITY OFFICER GOT INSIDE THE VAN AS I STARTED MOVING FORWARD, AS I WAS STARTING TO DRIVE OFF I ADVISED THE SECURITY OFFICER HE WAS DOING VERY WRONG IN JUMPING INTO MY VAN [illegible]. THE SECURITY OFFICER TOLD ME HE WOULD GET OFF IF I STOPPED THE VAN. [illegible] THAT TIME THE SECURITY WAS TRYING TO TURN OFF THE VAN BY TRYING TO GET THE KEY BUT I PLACED MY BODY IN FRONT OF HIS GIVING HIM MY BACK. I DROVE ACROSS THE STREET TO A BANK AND STOP THE VAN SO THE SECURITY WOULD GET OFF. HE OPENED THE PASSENGER DOOR REACHING AT ME AND GRABBING THE COLLAR OF MY T-SHIRT TEARING IT OFF. I CONTINUED TO DRIVE OFF TO AVOID BEING ARRESTED. I DO WANT TO SAY THAT STEVE WAS NOT INVOLVED IN ANYTHING AND MY SON WAS SCARED AND CRYING. I HAVE TOLD DETECTIVE CARREJO THAT I DID NOT PUNCH OR ASSAULTED THE SECURITY GUARD IN ANY WAY. DETECTIVE CARREJO HAS SHOWN PHOTOS OF THE INJURED SECURITY AND I DO NOT KNOW HOW HE GOT THOSE INJURIES. DETECTIVE CARREJO HAS ASKED ME ABOUT A THEFT THAT HAPPENED AT THE H.E.B. STORE ON BOCA CHICA ABOUT TWO DAYS AGO. I HAVE TOLD DETECTIVE CARREJO I WAS INVOLVED IN THAT INCIDENT WHERE I TOOK TWO CARTONS OF RY

RY [illegible] THIS IS ALL THAT HAPPENED AT THE ALBERTSON'S STORE AND [illegible]. I WISH TO SAY THAT I HAVE GIVEN MY STATEMENT VOLUNTARILY AND NO PROMISES OR THREATS WERE MADE AGAINST ME. I HAVE READ MY STATEMENT AND FIND IT TO BE TRUE AND CORRECT. RY

WITNESS

Det. Esther G. Perez

WITNESS

SIGNATURE OF ACCUSED

ClibPDF - www.fastio.com