10

United States District Court
Southern District of Texas
FILED

DEC 14 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICARDO YBARRA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-01-132 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division ("the Director"), by and through her attorney, the Attorney General of Texas, and files her **Motion for Summary Judgment with Brief in Support.**

I.

JURISDICTION

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

II.

DENIAL

The Director denies each and every allegation of fact made by Petitioner Ricardo Ybarra ("Ybarra") except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has custody of Ybarra pursuant to a judgment and sentence in the 357th District Court of Cameron County, Texas, in cause number 99-CR-1058-E, styled *The State of Texas v. Ricardo Ybarra*. Fed. Pet. at 2; *Ex parte Ybarra*, Application No. 48,714-01, at 50-54 (Judgment). Ybarra was charged with the felony offense of robbery (habitual), with two prior convictions alleged for the enhancement of punishment.. *Id.* at 26-27 (Indictment).

On April 16, 1999, Ybarra was admonished of the complete range of punishment for second degree felonies. *Id.* at 29, 32. Ybarra signed a "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty." *Id.* at 28-30. Ybarra then pleaded guilty to the charge of robbery (enhanced). *Id.* Finding that Ybarra understood the charge against him, the court sentenced him to ten years imprisonment in TDCJ-ID. *Id.* at 32, 50-54. Ybarra did not directly appeal his conviction. Fed. Pet. at 3.

On November 28, 2000, Ybarra filed a state writ application for writ of habeas corpus challenging this cause number 99-CR-1058-E. *Ex parte Ybarra*, No. 48,714-01, at 1. While his first application was pending, Ybarra filed a second state writ on February 15, 2001. *Ex parte Ybarra*, No. 48,714-02, at 3. Subsequently, the Texas Court of Criminal Appeals denied the first application without written order on the findings of the trial court without a hearing on April 4, 2001. *Ex parte Ybarra*, No. 48,714-01, at cover. Ybarra's second state writ was later denied without written order on June 6, 2001. *Ex parte Ybarra*, No. 48,714-02, at cover. Ybarra filed this action with the court on or about June 20, 2001. Fed. Pet. at 9.

2

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Ybarra's allegations to be as follows:

1) he was denied effective assistance of counsel regarding his guilty plea when his trial counsel failed to: a) pursue a pre-trial competency hearing; b) present a necessity defense; and c) pursue a pre-trial suppression hearing for illegally gained evidence pursuant to an unlawful search of his vehicle; and

2) His guilty plea was unknowing and involuntary.

Fed. Pet. at 7-8.

## V.

## STATE COURT RECORDS

The Director includes a copy of Ybarra's state writ applications, *Ex parte Ybarra*, No. 48,714-01 and -02, with this motion for the court. Copies of his state court records have not been forwarded to Ybarra.

## VI.

## EXHAUSTION OF STATE REMEDIES

The Director believes Ybarra sufficiently exhausted his state remedies as required by 28 U.S.C. Sections 2254(b) and (c) on the above allegations. The Director reserves the right to raise exhaustion/procedural default should Ybarra contend that he raised more than the issues listed above, or should he amend his petition with additional issues, other than those stated in subsection IV.

## VII.

## MOTION FOR SUMMARY JUDGMENT

### A.  Standard of Review

Ybarra filed this federal petition on June 20, 2000.[1] Fed. Pet. at 9. Therefore, his petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C.A. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997) (holding the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996). Under the amended § 2254(d), Ybarra may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2000).

A state court decision may be "contrary to" Supreme Court law in two ways: first, if the state court arrives at a conclusion opposite of the Supreme Court on a question of law; and second, if the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite conclusion. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000) (citing *Green v. French*, 143 F.3d 865, 869-870 (1998)). In determining whether a state court decision involves an "unreasonable application"

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition could not have been "filed" sooner than June 20, 2000, the date Ybarra signed it. Fed. Pet. at 9.

4

of Supreme Court law, a federal habeas court's "inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 120 S. Ct. at 1521. Under this clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 1522; *see Montoya v. Johnson,* 226 F.3d 399, 403-04 (5th Cir. 2000) (the standard for federal habeas relief is one of objective reasonableness.), *cert. denied,* 121 S. Ct. 2220 (2001); *Neal v. Puckett,* 239 F.3d 683 (5th Cir. 2001) (holding that under AEDPA, a State court's conclusion of lack of prejudice, although incorrect, was not unreasonable application of clearly established federal law.).

Moreover, on review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by *clear and convincing evidence.*" 28 U.S.C. § 2254(e)(1) (2000) (emphasis added).

Furthermore, a party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston,* 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record developed in the state courts shows that the Director is entitled to judgment as a matter of law.

### B. Ybarra's guilty plea was both knowing and voluntary.

As a preliminary matter, before addressing his ineffective assistance of counsel claim, Ybarra's allegation on the voluntariness of his plea must be addressed. Fed. Pet. at 8. The

record indicates that Ybarra's plea was both knowing and voluntary. "A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). *James* further explains that:

> The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."

*Id.* at 666 (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988, 112 S. Ct. 1678 (1992)). With respect to the guilty plea, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant understand the maximum prison term and fine for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996), *cert. denied*, 517 U.S. 1198, 116 S. Ct. 1696 (1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)).

In the case at bar, Ybarra has not alleged any specific facts showing that he was not adequately informed of the nature of the charge against him prior to his guilty plea. Ybarra signed a "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty." *Ex parte Ybarra*, No. 48,714-01, at 28-30. The court admonished Ybarra in open court and in writing, in pertinent part, as follows:

1.  I have never been treated for any mental illness and no one has ever suggested that I should receive treatment for any mental illness; I believe myself to be mentally competent now and sane at the time of the commission of the offense;

2.  No one has threatened me in any way, used any force of any kind upon me nor placed me in fear; and I am not pleading guilty because of fear;

3.  No one has promised me anything to induce me to plea guilty; I am not pleading Guilty by reason of any persuasion; and I have not been told that I will get probation, a pardon or early parole by reason of pleading Guilty;

* * *

7. I understand that the punishment prescribed for the offense to which I here plead guilty is by confinement in the Texas Department of Criminal Justice Institutional Division . . . for a term of years not less than 2 years nor more than 20 years, to which may be added a fine not to exceed $10,000.00.

* * *

9. I affirm to the Court that there has been no plea agreement in this case except as follows: 10 y TDCJ-ID.

*Ex parte Ybarra*, No. 48,714-01, at 28-29; *see also Id.* at 32. Thus, after being fully admonished, Ybarra still chose to plead guilty. Further, the trial court informed Ybarra of his rights to appeal and that "the Court must give its permission to the Defendant before he may prosecute an appeal . . . . *Id.* at 32. As the Supreme Court noted in *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1620, 1629 (1977), a petitioner must vault the formidable barrier that "solemn declarations in open court carry a strong presumption of verity." Ybarra has the burden to rebut the presumption of regularity accorded these records. 28 U.S.C. §2254(e)(1) (2000); *see Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.) ("in a habeas proceeding, the petitioner has the burden of proving that he is entitled to relief."), *cert. denied*, 476 U.S. 1143, 106 S. Ct. 2253 (1986). Ybarra's plea was therefore voluntary.

Because Ybarra's plea was voluntary, he has waived allegations of ineffective assistance of counsel that occurred prior to his plea. "A plea of guilty is more than a mere confession, it is an admission that the defendant committed the charged offense." *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991), *cert. denied*, 503 U.S. 988, 112 S. Ct. 1678 (1992) (citing *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S. Ct. 160, 164 (1970)); *see Diaz v. Martin*, 718 F.2d 1372, 1376 (5th Cir. 1983) ("a plea of guilty is more than a confession of having acted culpably, it is itself a conviction."), *cert. denied*, 466 U.S. 976, 104 S. Ct. 2358 (1984) (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969)). Because a plea of guilty is a conviction, nothing remains but to enter judgment and

determine punishment. *Boykin v. Alabama*, 395 U.S. at 242, 89 S. Ct. at 1711 (citing *Kercheval v. United States*, 274 U.S. 220, 223, 47 S. Ct. 582, 583 (1927)). A plea of guilty and the ensuing conviction encompass all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 762 (1989).

Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (finding that ineffectiveness claims alleging failure to review the prosecutor's file to verify laboratory tests, and failure to investigate witnesses and the legality of arrest were waived by a voluntary guilty plea), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685 (1984) (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)).

Ybarra's allegations do not relate to the voluntariness of his plea which, as set forth above, was both knowing and voluntary. Consequently, his allegations must be dismissed. *Smith v. Estelle*, 711 F.2d at 682.

C. **Regardless, Ybarra's trial defense counsel was constitutionally effective.**

Ybarra argues that he received ineffective assistance of counsel because his attorney failed to a) pursue a pre-trial competency hearing; b) present a necessity defense; and c) pursue a pre-trial suppression hearing for illegally gained evidence pursuant to an unlawful search of his vehicle. Fed. Pet. at 7. These allegations of ineffectiveness fail on the merits.

"[E]ffective assistance of counsel on the entry of a guilty plea requires that counsel ascertain whether the pleas are entered voluntarily and knowingly." *Randle v. Scott*, 43 F.3d 221, 225 (5th Cir.), *cert. denied*, 515 U.S. 1108, 115 S. Ct. 2259 (1995) (citing *United States v. Diaz*, 733 F.2d at 376 (5th Cir. 1984)). To obtain habeas relief based on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient, and that the deficient performance of counsel prejudiced the

8

defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370 (1985), the Supreme Court held that the two-prong test enunciated in *Strickland* applies to cases involving guilty pleas.

To establish deficiency under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. This objective standard is "highly deferential" and includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Counsel's deficient performance must not cause the outcome to be unreliable or the proceeding to be fundamentally unfair: "[U]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838 (1993)), *cert. denied*, 514 U.S. 1071, 115 S. Ct. 1709 (1995).

To establish prejudice under *Strickland*, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. It is not sufficient that the petitioner merely allege a deficiency on the part of counsel; he must "affirmatively prove" prejudice in his petition. *Id.* 466 U.S. at 693, 104 S. Ct. at 2067. The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence. *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028, 105 S. Ct. 447 (1984); *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S. Ct. 2977 (1993).

In deciding ineffective assistance claims, a court need not address both prongs of the *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to

meet either prong of the test. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960, 115 S. Ct. 418 (1994). According to the Supreme Court, a defendant who pleads guilty can satisfy the prejudice prong of *Strickland* only by alleging that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *see Woodward v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990); *Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986). Thus, a petitioner must ordinarily demonstrate that counsel was deficient, and that the deficiency prejudiced his case.

Finally, in *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983), the Fifth Circuit held that conclusory allegations of ineffectiveness are inadequate upon which to base federal habeas corpus relief, stating that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id.*

First, Ybarra contends that trial counsel did not pursue a pre-trial competency hearing. Fed. Pet. at 7. "The competency standard in guilty plea cases is identical to the competency standard to stand trial. The trial court must determine whether the defendant has sufficient present ability to consult with his counsel and whether he has a rational and factual understanding of the proceedings against him." *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir.), *cert. denied*, 513 U.S. 968, 115 S. Ct. 436 (1994).

In responding to Ybarra's claim in the state habeas process, trial defense counsel, Arturo A. McDonald, Jr., stated that:

> Mr. Ybarra mentioned that he had been a patient at Tropical Texas Mental Health and Retardation Center, for depression, but at all times was extremely coherent, logical and could understand everything explained to him. An agreement was reached in which enhancement count would be dropped for a plea of ten (10) years. Mr. Ybarra was explained all his legal options of a trial with enhancements or the plea without the enhancement. This was discussed

on more than five (5) occasions. He agreed to the plea agreement, and pled on January 28, 2001 [sic].

*Ex parte Ybarra*, No. 48,714-01, at 23. Moreover, the trial court found that "the Defendant [Ybarra] is mentally competent." *Id.* at 32. Ybarra provides no evidence whatsoever to refute the trial court's finding. He simply states that he "was an outpatient at Tropical Texas, a mental institution, and under the influence of various psychological medication," and that he "was not legally competent." Fed. Pet. at 7. Mere allegations are insufficient to establish incompetence where the petitioner offers no other evidence. *Thompson v. Blackburn*, 776 F.2d 118, 124 (5th Cir. 1985). He has presented absolutely no evidence that he was actually incompetent at the time of his guilty plea and was entitled to a hearing on the issue of his competency. At best, this allegation is conclusory and, thus, insufficient to raise a constitutional issue. *Ross*, 694 F.2d at 1011-12. Therefore, this claim must be dismissed.

Lastly, Ybarra alleges that his trial counsel failed to present a necessity defense and failed to pursue a pre-trial suppression hearing for illegally gained evidence pursuant to an unlawful search of his vehicle. Fed. Pet. at 7. Because these allegations do not relate to Ybarra's understanding of the nature of the charge against him, or the consequence of his plea, Ybarra has waived these ineffective assistance of trial counsel claims. *Smith v. Estelle*, 711 F.2d at 682. Regardless, Ybarra certainly has not shown nor cannot show that McDonald would have been able to suppress the evidence, or that grounds even existed upon which to file a motion to suppress. Counsel is not required to make futile motions. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

The failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574 (1986). Here, McDonald was not deficient for failing to urge a hearing on a motion to suppress filed pretrial. *See Taylor v. Maggio*, 727 F.2d 341 (5th Cir. 1984); *Garland v. Maggio*, 717 F.2d 199 (5th Cir. 1983).

To prevail on a claim of ineffective assistance of counsel related to a failure to submit or urge a motion to suppress evidence, Ybarra must establish, by a preponderance of the evidence, that a motion to suppress, if submitted and urged upon the trial court, would have been sustained. *Jackson v. State*, 973 S.W.2d 954 (Tex.Crim.App. 1998). An appellant has the burden of developing facts in the record which would establish the merits of a nonexistent or non-argued motion to suppress. *Id.* Here, Ybarra has not demonstrated that, but for McDonald's actions, he would have pled not guilty and insisted upon going to trial. *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. This court must therefore deny federal habeas relief.

Finally, when these issues were raised on state habeas, the trial court and the Texas Court of Criminal Appeals correctly denied relief. *Ex parte Ybarra*, No. 48,714-01, at cover. This was an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999). Therefore, this court cannot grant habeas corpus relief unless it determines that the state courts' determinations to deny relief were in conflict with clearly established federal law as determined by the Supreme Court or that they were "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(2000). Ybarra presented nothing to disturb these findings or to support that counsel was deficient. Thus, his claims are without merit. In addition, the factual determinations underlying the adjudications are entitled to a presumption of correctness. 28 U.S.C. § 2254(e).

## VIII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Ybarra's petition for writ of habeas corpus be dismissed with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
  for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

/s/ Gretchen B. Merenda
GRETCHEN B. MERENDA *
Assistant Attorney General
State Bar No. 24010233
Southern District Admission No. 25065

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

TO:  Petitioner Ricardo Ybarra, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

/s/ Gretchen B. Merenda
GRETCHEN B. MERENDA
Assistant Attorney General

13

## CERTIFICATE OF SERVICE

I, Gretchen B. Merenda, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Cockrell's Motion for Summary Judgment with Brief in Support** has been served by placing same in the United States mail, postage prepaid, on this 13th day of December, 2001, addressed to: Ricardo Ybarra, TDCJ-ID # 911900, Lopez Unit, 1203 El Cibolo Road, Edinburg, Texas, 78539.

_____
GRETCHEN B. MERENDA
Assistant Attorney General