IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICARDO YBARRA<br>Petitioner,<br><br>VS.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF<br>INSTITUTIONAL DIVISION<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. B-01-132<br><br>CR. NO. 99-CR-1058-E |

## ORDER GRANTING GOVERNMENTS MOTION FOR SUMMARY JUDGEMENT & DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C. § 2254, Ricardo Ybarra ("Petitioner") has filed a Petition for Writ of Habeas Corpus. The United States filed a Motion for Summary Judgement asking that Petitioners claim be dismissed with prejudice. For the reasons stated below the Governments's motion is **GRANTED**.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner, represented by counsel, pled guilty to robbery (enhanced) in state district court in Brownsville, Texas. The court sentenced him to 10 years in prison. Ybarra filed two habeas applications in state court which were denied on April 4, 2001 and June 6, 2001 without a written order. In the instant case, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his petition, he alleges that (1) his counsel was ineffective and (2) that his guilty plea was involuntary.

## **STANDARD OF REVIEW**

Ybarra's petition is subject to review under The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C.A. § 2254; Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997) (holding that the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996).

A Federal Court may only issue a writ if the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of clearly established Federal Law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding. 28 U.S.C. § 2254(d) (2000) (emphasis added).

A state court decision is "contrary to" clearly established federal law when (1) the state court arrives at a conclusion that is opposite to the Supreme Court on a question of law, or (2) the state court confronts facts that are indistinguishable from a relevant Supreme Court precedent and arrives at an opposite conclusion. Williams v. Taylor, 529 U.S. 362, 413, 120 S. Ct. 1495, 1519 (2000).

The writ may not be issued by a federal habeas court simply because that court concluded in its independent judgement that the relevant state court decision applied clearly established federal law erroneously or incorrectly, as the application of law must also be "unreasonable." Montoya v. Johnson, 226 F.3d 399, 403-04 (5th Cir. 2000).

This Court must also consider that when reviewing Ybarra's petition a determination of the factual issues made by the State court shall be presumed to be correct, and that the petitioner has the burden of rebutting that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1)(2000). However, this Court must take into consideration that pro-se pleadings, such as

these, are held to a less stringent standard than formal pleadings drafted by lawyers. Richardson v. Fleming, 651 F.2d 366, 368 (5th Cir.Unit A 1981).

Finally, Summary Judgment is proper only if the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478 , 482 (5th Cir.2000) (Internal quotations omitted).

## DISCUSSION

Petitioner raises two issues: First, whether Petitioner was deprived effective assistance of counsel when his attorney failed to pursue a pre-trial competency hearing, present a necessity defense, and pursue a pre-trial suppression hearing based on an allegedly unlawful search of his vehicle; second, Petitioner contends he was coerced into pleading guilty by his attorney, thus, making his plea involuntary.

### *Ineffective assistance of counsel claim fails.*

To establish ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient, that it fell below an objective standard of reasonableness and that he was prejudiced by his counsel's deficiencies. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To prove this, Petitioner must show that but for this deficiency the results of the proceedings would have been different. *Id.* at 687.

Petitioner asserts his own incompetence and that his lawyer should have sought a competency hearing. This in itself does not prove that his lawyer fell below an objective reasonable standard, nor does it prove that he was incompetent. On the contrary, the record shows that he was competent. The state court found him competent and his attorney believed he was coherent. The petitioner's

allegations by themselves do not measure up to a prejudicial standard. Petitioner's unsupported claims regarding his attorney's ineffectiveness are speculative and fail to prove that the results of his proceedings would have been different. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

Next, Petitioner complains that his counsel failed to advise him that he may have a necessity defense. Petitioner claims that had he been advised of a potential necessity defense, he would have gone to trial. Moreover, Petitioner alleges that there would have been a "great probability" the jury would have found him innocent. This is speculative. Petitioner offers no evidence other than bald assertions. It is the Petitioner's burden to prove these facts. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden. Furthermore, the state court, which is entitled to a presumption of correctness, and his attorney have found him competent. Sect. 2254(e)(1). Petitioner has not offered any evidence that proves that his conviction would have been different but for his attorneys deficiencies. Strickland at 687. Therefore, Petitioner's claim of ineffective assistance of counsel for failure to advise him of a potential necessity defense fails.

Petitioner further asserts that his lawyer should have sought a pre-trial suppression hearing for allegedly unlawfully gained evidence. Petitioner supported his allegations with affidavits alleging unlawful seizure, however, this alone does not reach the level that shows that had this motion been submitted it would have been sustained. Jackson v. State, 973 S.W.2d 954 (Tex.Crim.App. 1998). Therefore, this allegation fails.

### *Involuntary plea claim fails.*

Petitioner alleges that his plea was involuntary. A habeas petitioner has the burden of proving facts which would lead the court to conclude that the confession was involuntary. Jurek v. Estelle, 623 F.2d 929, 937 (5th Cir. 1980). Petitioner has failed to offer any evidence regarding the voluntariness of his plea. On the contrary, the record shows that the state court admonished

Petitioner orally and in writing before he entered a plea of guilty, thus, leaving this Court to conclude that Petitioner's plea was in fact voluntary. James v. Cain, 56 F.3d 662, 666 (5thCir.1995). Petitioner has offered nothing more than his self-serving allegations and this is insufficient to rebut the presumption that the state court's findings are correct. 28 U.S.C. § 2254(e)(1). Therefore, Petitioner's contention that his plea was involuntary fails.

## CONCLUSION

It is therefore, ORDERED, ADJUDGED, and DECREED that the Government's Motion for Summary Judgement is **GRANTED** and that Petitioner's Petition For Writ of Habeas Corpus is **DENIED**.

SIGNED this 2nd day of July, 2002, in Brownsville, Texas.

Honorable Filemon B. Vela
United States District Judge